T.C. Memo. 2018-81

UNITED STATES TAX COURT

RONALD A. CASELLI, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 835-11, 29664-11.          Filed June 12, 2018.

David M. Kirsch, for petitioner.

Rachel L. Hester and Pamela G. Kartha, for respondent.

MEMORANDUM OPINION

COHEN, Judge: Respondent determined deficiencies of $260,798 and

$203,695 in petitioner's Federal income tax for 2006 and 2007, respectively.

Respondent also determined civil fraud penalties under section 6663 of $195,598

and $152,771 for 2006 and 2007, respectively. After concessions, the sole issue

remaining for decision is whether an S corporation may revoke its election of

[*2] deducting certain employment tax expenses for 2006 and 2007 and claim

section 45B credits solely by the request of one of its shareholders acting solely in

his capacity as a shareholder, which will in effect enable the shareholder to nullify

the S corporation's election unilaterally and retroactively.

Unless otherwise indicated, all section references are to the Internal

Revenue Code in effect for the years in issue, and all Rule references are to the

Tax Court Rules of Practice and Procedure.

## Background

These consolidated cases were submitted fully stipulated under Rule 122.

The stipulated facts are incorporated as our findings by this reference. Petitioner

resided in California at the time he filed his petitions.

During 2006 and 2007, petitioner was one of the three shareholders of

Apple Gilroy, Inc. (AGI), an S corporation operating multiple restaurants. The

restaurants owned by AGI hired "tipped employees", whose earnings came partly

from customer tips, and AGI was required to pay taxes on these tips as part of its

Federal Insurance Contributions Act (FICA) tax payments. Under section 45B, an

employer working in the food and beverage industry is allowed to claim business

tax credits for the portion of the FICA taxes it paid on the employee tips (FICA tip

credits).

**[*3]** AGI filed its 2006 and 2007 Forms 1120S, U.S. Income Tax Return for an S Corporation, on September 14, 2007, and August 22, 2008, respectively. It did not claim any FICA tip credits for either year on its Form 1120S or file Form 8846, Credit for Employer Social Security and Medicare Taxes Paid on Certain Employee Tips. Instead, it deducted its payments of the FICA tip taxes on its Forms 1120S. AGI never filed an amended Form 1120S for either year.

Petitioner filed his 2006 and 2007 Forms 1040, U.S. Individual Income Tax Return, on October 17, 2007 and on October 16, 2008, respectively. On both of these returns he claimed flowthrough deductions deriving from AGI. On October 12, 2010, the Internal Revenue Service (IRS) sent a notice of deficiency to petitioner for 2006. Petitioner timely petitioned this Court on January 10, 2011.

On September 22, 2011, petitioner filed a Form 1040X, Amended U.S. Individual Income Tax Return, for 2007 claiming a refund of $65,526 deriving from AGI's 2007 FICA tip credits. Petitioner's 2007 Form 1040X included a Form 8846, which showed petitioner as the taxpayer electing the FICA tip credits. Petitioner's 2007 Form 1040X did not include an amended Schedule K-1, Shareholder's Share of Income, Deductions, Credits, etc., from AGI.

On October 4, 2011, the IRS sent a notice of deficiency to petitioner for 2007. A notice of claim disallowance was attached to the 2007 notice of

**[*4]** deficiency, which disallowed petitioner's claim for refund on the 2007 Form 1040X. Petitioner timely petitioned this Court on December 27, 2011. On August 19, 2014, petitioner filed an amended petition for 2006, claiming for the first time that he was also entitled to the flowthrough FICA tip credits with respect to his interest in AGI for 2006.

Discussion

Petitioner argues that we should hold that AGI may claim credits under section 45B by filing amended returns for 2006 and 2007. Because AGI has never filed any amended returns, petitioner is essentially requesting an advisory opinion based upon a future contingency. Normally, we would decline such a request. However, since there is little development of the law concerning section 45B in cases or otherwise, it is useful and expedient to discuss the provision and its application to the facts before us.

Section 45B allows an eligible employer, upon its election, to claim a business tax credit in the amount of FICA taxes that it paid on employee tips in excess of the minimum wage. To qualify for the FICA tip credit, an employer must have employees who receive tips from customers for providing food or beverages for consumption and must be deemed to have paid FICA taxes on the tips in excess of the minimum wage. Sec. 45B(b). Additionally, the employer

**[*5]** must not have already claimed a deduction for the FICA tax payment. Sec. 45B(c). The IRS prescribes Form 8846 for eligible employers to claim any FICA tip credits. I.R.S. News Release IR-2007-155 (Sept. 5, 2007).

Petitioner claims that as one of AGI's shareholders, he is entitled to a proportionate flowthrough of the tax credits arising from AGI's FICA tax payments. However, the parties dispute whether AGI was itself entitled to the FICA tip credits for 2006 and 2007. The parties agree that for both years, AGI was an employer of employees who received tips from customers for providing food or beverages for consumption and AGI had paid FICA taxes on these tips. They disagree on whether AGI's choice of deducting its FICA tax payments for 2006 and 2007 prevents it from now claiming any FICA tip credits for either year.

The answer seems quite straightforward. Section 45B(c) explicitly provides that "[n]o deduction shall be allowed under this chapter for any amount taken into account in determining the credit under this section." Section 45B(d), titled "Election Not to Claim Credit", further provides that "[t]his section shall not apply to a taxpayer for any taxable year if such taxpayer elects to have this section not apply for such taxable year." In combination, these two provisions suggest that when AGI chose to deduct its FICA tax payments, it had made an election not to claim any FICA tip credits. Indeed, AGI never claimed, or intended to claim,

**[\*6]** FICA tip credits for 2006 or 2007. Consequently, on the basis of AGI's reporting position, petitioner is not entitled to any flowthrough FICA tip credits for either year.

Petitioner agrees that AGI elected not to claim any FICA tip credits. Nonetheless, he asserts that AGI now seeks to change its election and "may claim the FICA Tips Credit pursuant to Section 45B" by filing amended returns. The evidence in the record contradicts his assertion. AGI has never stated its intention to change the election it made more than nine years ago. Petitioner's assertion, in effect, is that AGI's election could be changed unilaterally by his request made in his capacity as a shareholder.

Respondent's position, by contrast, is that any election regarding section 45B should be made by AGI directly, not through a shareholder's request. Petitioner, in his sole capacity as one of AGI's shareholders, cannot change AGI's election of not claiming any FICA tip credits. We agree with respondent.

As a general rule, any election affecting the computation of items derived from an S corporation shall be made by the corporation. Sec. 1363(c)(1). Section 1.1363-1(c)(1), Income Tax Regs., further indicates that individual shareholders cannot make such an election: "Any elections (other than those described in paragraph (c)(2) of this section) affecting the computation of items derived from

[*7] an S corporation are made by the corporation[,] * * * and not by the shareholders separately." This general rule is subject to two exceptions, namely, elections under section 617 (relating to deduction and recapture of certain mining exploration expenditures) and elections under section 901 (relating to foreign tax credits). Sec. 1363(c)(2). The parties agree that the election under section 45B in this case does not fall into either of the statutory exceptions.

Section 45B(d) specifically provides that "[t]his section shall not apply to a taxpayer for any taxable year if such taxpayer elects to have this section not apply for such taxable year." (Emphasis added.) While S corporations are generally not considered to be taxpayers, employment taxes are the liabilities of the employer, which is the taxpayer in this context. Petitioner's position is not tenable in the face of the plain text of section 1363(c) and section 45B(d).

Petitioner is essentially asking us to create a new precedent, which will endow each individual shareholder with the power to change an S corporation's tax election unilaterally. Such a unilateral change, if allowed, would not only affect the tax liabilities of the requesting shareholder but could also affect the tax liabilities of the shareholders who have not consented to such a change. Petitioner himself highlighted the danger of this approach by assuring us that "[a]ny change to AGI's tax items for the years 2006 and 2007 will not have any effect" on other

**[\*8]** AGI shareholders because of their special circumstances and by attempting to persuade us that there is no unfairness in this particular case.  We decline to create a new precedent.

For the foregoing reasons, petitioner is not allowed to claim any FICA tip credits flowing from AGI.  We have considered all remaining arguments made by both parties for a result contrary to that expressed herein, and, to the extent not discussed above, they are irrelevant to our decision or without merit.

To reflect the foregoing,

Decisions will be entered

under Rule 155.